# **<u>EXHIBIT A</u>**

DATE FILED: August 18, 2021 12:35 PM
FILING ID: DE4458D1717AA
CASE NUMBER: 2021CV30041

| DISTRICT COURT, COUNTY OF MONTROSE, STATE OF COLORADO | |
|---|---|
| Court Address:  1200 North Grand Avenue<br>Montrose, CO 81401 | |
| Plaintiff:  **DONALD HARPER**<br><br>v.<br><br>Defendants: STARBUCKS CORPORATION and NEUENSCHWANDER PIONEER PROPERTIES, LLC | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff*:<br>Sean M. Dormer, #44962<br>K.C. Harpring, #47760<br>Erik D. Moya, #55074<br>Dormer Harpring, LLC<br>3457 Ringsby Court, Unit 110<br>Denver, CO  80216<br>Phone Number: (303) 756-3812<br>Facsimile: (303) 477-7400<br>Email: attorneys@denvertrial.com | Case No:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Donald Harper, by and through his attorneys, Dormer Harpring, LLC, for his Complaint against Defendant, Starbucks Corporation, states as follows:

### PRELIMINARY STATEMENT

1.     On August 23, 2019, Defendant Starbucks Corporation ("Defendant Starbucks") failed to secure its premises, a Starbucks coffee shop located at 2620 Woodgate Road, Montrose, Colorado from dangerous hazards. Defendant Starbucks failed to secure at least one if its outside standing umbrellas to its base. While sitting at a table outside the coffee shop, drinking coffee purchased from the same store, Mr. Donald Harper was struck by one of Defendant Starbucks' ill-secured umbrellas when a gust of wind picked it up from its base and launched it into his left collarbone.

## GENERAL ALLEGATIONS

2.  Mr. Harper seeks damages for claims under the Premises Liability Statute (C.R.S. § 13-21-115) and the common law of negligence in connection with injuries as the result of an event occurring on or about August 23, 2019, on property located at 2620 Woodgate Road, Montrose, Colorado (the "Property"). (This event, as more fully described in ¶¶ 16-29 below, is referred to as the "Incident").

3.  At the time of the Incident, Mr. Harper lived at 7534 Highway 65, Delta, Colorado 81416.

4.  Defendant Starbucks is a foreign corporation, incorporated under the laws of Washington, and authorized to do business in Colorado.

5.  Defendant Starbucks' registered agent is The Prentice-Hall Corporation System, Inc., with a registered street address at 1900 West Littleton Boulevard, Littleton, Colorado 80120.

6.  Defendant Neuenschwander Pioneer Properties LLC is a limited liability company organized under the laws of Colorado, and authorized to do business in Colorado.

7.  Defendant Neuenschwander Pioneer Properties, LLC's registered agent is Betty Jean Neuenschwander, with a registered street address at 9110 Abbey Road, Pueblo, Colorado 81004.

8.  Pursuant to C.R.S. § 13-1-124(1)(a), this Court has personal jurisdiction over Defendants because they transacts business in the state of Colorado.

9.  Pursuant to C.R.S. § 13-1-124(1)(b), this Court has personal jurisdiction over Defendants because they committed one or more tortious acts in the state of Colorado.

10. Pursuant to C.R.S. § 13-1-124(1)(c), this Court has personal jurisdiction over Defendants because they own, use, or possess real property situated in the state of Colorado.

11. Pursuant to C.R.C.P. 98(c), venue is proper in the County of Montrose, Colorado, because the Incident occurred in the County of Montrose, Colorado.

12. Upon information and belief, at the time of the Incident, Defendants owned all or a portion of the Property.

13. Upon information and belief, at the time of the Incident, Defendants were in possession and control of the Property.

14. Upon information and belief, at the time of the Incident, Defendants were legally responsible for the condition of the Property.

15. Upon information and belief, at the time of the Incident, Defendants were legally responsible for circumstances existing on the Property.

16. At the time of the Incident, Mr. Harper was at the Property as an invitee, because he was shopping at the Starbucks-run store.

17. Mr. Harper was an invitee to the Property at the time of the Incident under C.R.C.P. §13-21-115(5)(a), because Mr. Harper entered the land to "transact business in which the parties [were] mutually interested."

18. At the time of the Incident, Mr. Harper was at the Property, drinking coffee he purchased at the Starbucks store that was located there.

19. Mr. Harper was sitting at one of Defendant Starbucks' tables, located outside the store, but still on the Property.

20. Mr. Harper was sitting with his wife and a friend, enjoying coffee he had purchased at the Starbucks store.

21. Defendant Starbucks also has stand umbrellas outside the store, adjacent to the tables.

22. Defendant Starbucks provides these umbrellas and tables for the enjoyment and use of its patrons.

23. These stand umbrellas are supposed to remain in place by being locked into a base that weighs them down to the ground.

24. At the time of the Incident, at least one umbrella was not secured to its base.

25. At the time of the Incident, at least one umbrella could be easily removed from its base with little force.

3

26. At the time of the Incident, a gust of wind blew one of these umbrellas out of its base and into the air.

27. This gust of wind, along with the umbrella not being secured to its base, made the umbrella into a dangerous projectile.

28. The umbrella flew back down and struck Mr. Harper in the left collarbone and neck.

29. After hitting Mr. Harper, the top of the umbrella came to rest on his wife's lap.

30. Two of Defendant Starbucks' employees came to check on Mr. Harper.

31. Upon information and belief, while the store manager was not on the premises at the time, she did file an incident report the next day.

32. As a direct and reasonably foreseeable result of said umbrella not being secured to its base, Mr. Harper was struck by a projectile and suffered injuries, including without limitation, injuries to his left shoulder, arm, and elbow, as well as nerve injuries (collectively, "Injuries".)

33. A cause of Mr. Harper's Injuries was Defendants' failure to exercise reasonable care to protect against dangers of which each Defendant knew or should have known.

34. As a direct and reasonably foreseeable result of the Injuries, Mr. Harper has suffered and will suffer economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

35. As a direct and reasonably foreseeable result of the Injuries, Mr. Harper has been rendered more vulnerable to subsequent injury.

36. As a direct and reasonably foreseeable result of the Incident, Mr. Harper has had his formerly active lifestyle compromised by his Injuries.

37. As a direct and reasonably foreseeable result of the Incident, Mr. Harper has lost wages.

38. Mr. Harper's date of birth is December 21, 1957.

39. At the time of the Incident, Mr. Harper was 61 years old.

40. Pursuant to C.R.S. § 13-25-103, Mr. Harper had a life expectancy of 21.55 additional years at the time of the Incident.

### FIRST CLAIM FOR RELIEF
### (Premises Liability Under C.R.S. § 13-25-102)

41. Plaintiff incorporates by reference ¶¶ 1-40 as though set forth in their entirety hereunder.

42. Defendants were landowners of the Property at the time of the Incident, pursuant to C.R.S. § 13-21-115(1).

43. As landowners, Defendants owed Mr. Harper a duty to exercise reasonable care with respect to dangers at the Property of which it knew or should have known.

44. Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

45. Defendants breached their duty to Mr. Harper by unreasonably failing to protect or warn of the danger of a foreseeable projectile on its premises, which it knew or should have known had appeared on the Property as a result of its failure to secure its umbrellas to their bases.

46. As a direct and reasonably foreseeable result of said unreasonable failure, Mr. Harper has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

### SECOND CLAIM FOR RELIEF
### (Negligence Claim)

47. Plaintiff incorporates by reference ¶¶ 1-40 as though set forth in their entirety hereunder.

48. Defendants owed Mr. Harper a duty of reasonable care.

49. Defendants breached said duty of reasonable care.

50. Defendants were negligent.

5

51. As a direct and reasonably foreseeable result of said breach, Mr. Harper has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## JURY DEMAND

52. Mr. Harper requests a trial by jury for all of this claims.

WHEREFORE, Plaintiff, Donald Harper, requests that judgment be entered in his favor and against Defendants Starbucks Corporation and Neuenschwander Pioneer Properties, LLC, jointly and severally, for all available relief, including without limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, as well as and interest, costs, and attorney's fees, and such other relief as this Court deems proper.

DATED August 18, 2021.

                                                DORMER HARPRING, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By:   */s/ K.C. Harpring*
        Sean M. Dormer, (#44962)
        K.C. Harpring, (#47760)
        Erik D. Moya, (#55074)
        *Attorneys for Plaintiff*

Plaintiff's Address:
7534 Highway 65
Delta, CO 81416

6